# EXHIBIT A

| | |
|---|---|
| Alien Number: A215823556<br>Name: SINGH Nirvair<br>Country:     India<br>Interpreter : LB11383932 | Date: 9/20/18<br>Asylum Office: ZAC<br>Asylum Officer: Doreen El-Roeiy ZAR 492 |

## QUESTIONS & ANSWERS

**The following notes are not a verbatim transcript of this interview. These notes are recorded to assist the individual officer in making a credible fear determination and the supervisory asylum officer in reviewing the determination. There may be areas of the individual's claim that were not explored or documented for purposes of this threshold screening.**

INTERVIEW START TIME: 12:35

Q. Do you affirm that you will truthfully, literally, and fully interpret the questions asked and answers given; that you will not add to, delete from, or comment on the matter to be interpreted; and that you will notify the officer immediately if you become aware of your inability to interpret in a neutral SAD-Manner because of a bias against the applicant or the applicant's race, religion, nationality, political opinion or membership in a particular social group?
A.  I Do

Q. Do you understand that everything is confidential today?
a. yes
**[INTERPRETER PLACED UNDER OATH]**

Hello, my name is Officer El-Roeiy and we're here because you expressed a fear of returning to your home country.  Do you still have that fear?

-yes

**OATH ADMINISTERED – Please raise your right hand.**
**Do you swear to tell the truth, the whole truth and nothing but the truth?**
A. Yes.

Thank you. You may put your hand down. The interpreter has been sworn in earlier and s/he has promised to keep everything we discuss today confidential.

Please speak loudly and clearly into the phone. I'm just going to start by asking some questions about your background information.

Q. What is your full name?
A. [See I-870]

Q. Have you ever been known by any other names or aliases?
A. No.

Q. Do you have an attorney/consultant to represent you?
A. No.

Q: During this interview, you have the right to be represented.  Would you like to have your interview today by yourself or would you like to reschedule within 2 – 5 business days so that you can have more time to find an attorney?

1

Alien Number: A215823556
Name: SINGH Nirvair
Country:    India
Interpreter: LB11383932

Date: 9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

    a.  I want to proceed without a lawyer

Q. Are you comfortable continuing without an attorney present?
A. yes

## FORM M-444 RECEIVING AND UNDERSTANDING

Q: You received a form with information about the credible fear process called an M-444 and a list of attorneys who may be able to represent you for free or a low cost on 8/19/18 – is this correct?
A:    yes

q. Did you understand the M-444 and the list of low-cost legal providers?
a. yes

The interpreter will now explain to you the purpose of this interview.

## [PARAGRAPH 1.28, FORM I-870, READ TO APPLICANT]

Q. Do you have any questions about the information just read to you?
a. no

## BACKGROUND/I-870

Q. Are you alone in the room?
A.yes

Q. Do you have any mental or medical conditions or concerns?
A. No.

Q. Are you currently taking any medications?
A. I am taking blood pressure pills but I didn't take it today.

Q. How are you feeling today?
A: fine thank you

Q. In what country were you born?
A. [ See I-870]

Q. Are you a citizen of India?
A. Yes.

Q. Are you a citizen of any other countries?
A. No.

Q. Have you ever lived in any other countries?
A. No.

Q. What is your date of birth?

2

Alien Number: A215823556            Date: **9/20/18**
Name: SINGH Nirvair            Asylum Office: **ZAC**
Country:     India            Asylum Officer: **Doreen El-Roeiy ZAR 492**
Interpreter: LB11383932
A. [See I-870]

Q. Do you speak any other languages besides Punjabi?
A. No.

Q. What is your race or ethnicity (Do you consider yourself to be white, black, Hispanic, indigenous, Latin)?
A. [See I-870]

Q. What is your religious affiliation, if any?
A. [ See I-870]

Q. What was your last address in X?
A. [See I-870]

Q. Are you married, single, living with a partner (name, citizenship, present location)?
A. [See I-870]

Q. Do you have any children (name, date of birth, citizenship, location)?
A. [See I-870]

Q. Who would you reside with in the U.S. if you were released (name, relationship, immigration status, address, telephone)?
A. [See I-870]

Q. Have you ever served in the military or the police?
A. No.

Q. what is your education level?
a. up to 10th grade

q what was your work in india?
    a. I was a farmer

## ENTRY/ENCOUNTER ISSUES

Q. Records indicate that you last entered the United States on or about 8/17/18 through San Ysidro. Is that correct?
A. Yes. [See I-870]

Q. Was this the first time you entered the U.S.?
A. Yes.

Q. How many days were you in the U.S. before you were caught?
A. I applied for asylum.

3

Alien Number: A215823556
Name: SINGH Nirvair
Country:    India
Interpreter: LB11383932

Date: 9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

q. how much did your trip cost to the US?
a. my father gave me the money around 10,000 usd

q. you got all of this money from your father?
a. my father borrowed it from someone

q. what was your fathers work?
a. he is like a senior citizen. 75 years old

q. what did he used to do for work?
a. he was a farmer

q. when did you leave india?
a. August 9 2018

### SUBSTANCE OF CLAIM

I'm going to ask you some questions about your fear. Take your time, don't be nervous. Just answer the best you can. Please answer my questions directly and only answer the question that is being asked. Please be sure to pause to allow the interpreter time to interpret.

Q. Have you ever been threatened or harmed in india?
A.  yes

q. were you threatened or were you harmed?
a. both

q. how many times in total were you threatened?
a. 2 or 3 times on the phone and 2 or 3 times I was beaten.

q. when was the first threat?
a. January 9 2018

q. what happened on that date?
a. I was coming back after a lecture . I was making an announcement about which of the camps activities were taking place. 4 people came out – they started slapping me and said I must stop giving lectures to everyone. The people from the surroundings came and made them leave.

q. this was the first threat you received?
a.  the first time they beat me on January 9th

q. anything before that?
a. before this they had just been threatening me.

q. where was the lecture you were attending?
a. I was announcing that there was a free camp being organized and to go and listen to them.

4

Alien Number: A215823556
Name: SINGH Nirvair
Country:    India
Interpreter: LB11383932

Date:  9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

q. where was the lecture you were attending?
a. my duty was to just tell people about this free camp and encourage them to go.

q. sir you said that you were walking back from a lecture – what lecture?
a. I was announcing where people were going.

q. ok so you did not attend a lecture?
a. no I was just announcing and telling people this.

q. where were you making this announcement?
a. in gessavillage

q. were you alone or with others?
a. I was alone

q. what was in the free camp?
a. operating on people who cannot see.

q. who was running the camp?
a. SAD-Mann party

q. how many times did you make announcement for this party?
a. four times I do it in a month

q. is this during the day or evening or weekend?
a. they will call me and they tell me – I do it mainly in the mornings.

q. who calls you?
a. the party workers

q. how long have you been working for the party?
a. I joined the party in 2017

q. who is the person that contacts you?
a. my brother – janiel singh

q. when you say brother do you mean biological brother?
a. yes my biological brother

q. anyone else in your family part of SAD-Mann party?
a. my brother and i

q. when did your brother join?
a. I don't know he has been working a long time – at least 5 years.

q. do you do anything else to support the party?

5

Alien Number: A215823556                              Date: 9/20/18
Name: SINGH Nirvair                              Asylum Office: ZAC
Country:    India                    Asylum Officer: Doreen El-Roeiy ZAR 492
Interpreter: LB11383932
a. that is all what I do

q. how did you join the party?
a. my brother helped me join

q. what was that process?
a. there was camp of SAD-Mann party and that i got a chance to meet people

q. how did you officially become part of the party?
a. I told him that I want to work in the party and my job was to go to different villages and make announcements

q. can you provide me details on how you joined the papers – like if you signed something or talked to a specific person?
a. they told me that I was a party member and I am the party worker now

q. I am looking for exact details of this process, is there a reason you cannot provide further details on how you became a member?
a. there are eye checks camps and blood camps – I liked it and thought I should help them.

q. how did you get to the different villages?
a. on motorcycle

q. who told you where and when to go?
a. they called me and said I need to make announcements in the villages

q. who called you?
a. committee members

q. can you give their names?
a. they would say that I am the leader of the committee and you need to go in the following place.

q. do you know their names?
a. I don't know their names – I just talk to them over the phone.

q. is there a reason why you cannot provide me the detail of these committee member names?
a. it is a big party and they just call you and say they are a party leader

q. who were the local party leaders?
a. I don't know their names

q. who were the ones you elected in your region?
a. my brother left for dubai – he was the one that introduced me to the leaders

q. who was your district or regional leader?
a. SAD-Mann

6

Alien Number: A215823556
Name: SINGH Nirvair
Country:     India
Interpreter: LB11383932

Date: 9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

q. who was your state or district party leader?
a. SAD-Mann party members come and I make the announcement

q. is there a reason you cannot provide details of your local leaders names?
a. it is a very big party and it is hard.

q. where were you attacked on January 9th?
A I was coming back after making an announcement – near Dilma village

q. who attacked you?
a. BJP party members

q. how do you know they were BJP party members?
a. the person who was driving is the leader and I know him

q. what is he the leader of?
a. it is the area leader for BJP

q. what is his name?
a. Kirpal Singh

q. how do you know him?
a. he is from my year in school

q. what was said to you?
a. they said come join our party and stop making our announcements.

q. were you hurt?
a. they slapped me and punched me and then people came and they helped and stopped the fight.

q. what was the most recent harm you received?
a. I was punched on my nose

q. when was this?
a. January 9th

q. when was the last threat or harm you received?
a. 2018 January 9th

q. Earlier I asked you when was the first threat you received, you stated January 9th 2018. I asked you when was the last threat you received, and you stated January 9th 2018. Can you explain this inconsistency?
a. july 5th 2018 – I was only attacked twice. So this was the last date I was beaten.

q. what happened july 5th?

7

000065

Alien Number: A215823556
Name: SINGH Nirvair
Country:    India
Interpreter: LB11383932

Date: 9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

a. I was coming back after making an announcement

q. where were you?
a. I was again passing by dilma.

q. what was the announcement?
a. there is a camp and for others to go help with this camp.

q. what was the camp for?
a. eye sight checkup camp

q. how often were the camps?
a. 4 times a month

q. what happened?
a. a car stopped in front of me and they started beating me. I was unconscious

q. who beat you?
a. BJP party members. They said leave my party and join BJP and that is it.

q. with what?
a. kicking me and punching me.

q. did you recognize any of those who beat you?
a. the same leader and he had 4 people with him

q. what color was the car?
a. white

q. what else was on the car?
a. bjp flags that is it

q. what does that flag look like?
a. it has bjp letters on it.

q. what were your injuries?
a. I was unconscious and the village people found my address and left me home.

q. how did you get home?
a. they brought me home.

q. they brought you home unconscious on your motorcycle?
a. I don't know – I was unconscious .

q. what were the threats you received before January?
a. stop making announcement and come join our party

8

Alien Number: A215823556
Name: SINGH Nirvair
Country:    India
Interpreter: LB11383932

Date: 9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

q. how did you get these threats?
a. over the phone

q. which phone?
a. my personal phone

q. who called you?
a. I don't know but they said they were BJP

q. how many times?
a. like about 10 times.

q. did they threaten you every time?
a. yes. They said stop making announcement and come join our party.

q. earlier I asked you how many threats in total you received and you stated you received 2 or 3 threats on the phone. Now you stated that you received approximately 10 threats on the phone. Can you explain this inconsistency?
a. I gave you just an estimate of how many times I was threatened.

q. when was the first call?
a. in December I received many calls that is it

q. so all of these calls occurred in one month?
a. yes in one month

q. what did you do after you were attacked in july?
a.

q. did you ever stop working for the SAD-Mann party?
a. I went to the police station with my father and they did not take any report. They called me bad words and told us to leave.

q. what did you do with your time in july and august?
a. I gave the money SAD-Mann party leader so I could leave in august.

q. who did you give the money to?
a. a guy named harpal signh

q. he helped you leave the country?
a. yes he said I could get a visa and I would be killed if I stay here

q. did you get a visa?
a. yes I got a visa to mexico

9

Alien Number: A215823556
Name: SINGH Nirvair
Country:     India
Interpreter: LB11383932

Date:  9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

Q. Have you ever been threatened or harmed by anyone else?
A. No just BJP

Q. Besides what we have discussed, are you afraid to return for any other reason?
A. no

### WFF

Q, what do you fear will happen to you if you return to your home country?
  a.  I will be killed

Q. who would do this to you?
a. BJP party members.

q.  how would they know you have returned to your home country?
a.  the leader of the BJP – the local leader – he is in my area.

q. why would they want to hurt you?
a. because I was the one that made announcement for the party

q. what did your brother do for the party?
a. he would also make announcements.

q. anything else?
a. no

### CAT
**Convention Against Torture**

q. when exactly did you go to the police?
a. like 2 days after the second attack.

q. what day is that?
a. it would be july 7

q. what exactly did you say to police?
a. they said that you are not telling the truth- no one attacked you – run away from here.

q. what did you say to the police?
a. I told them that I was attacked and I was unconscious and left there. the police said I lied and called me bad words.

Q. what were the bad words?
a. they called me a dog and a sister fucker

q. how many police officers did you talk to?
a. I talked to one clerk

10

000068

Alien Number: A215823556
Name: SINGH Nirvair
Country:    India
Interpreter: LB11383932

**Date: 9/20/18**
**Asylum Office: ZAC**
**Asylum Officer: Doreen El-Roeiy ZAR 492**

q. which station?
a. dilma village

q. were you allowed to make a report?
a. they did not take any report from me no

q. did you try to make a report to police before this at any point?
a. yes I did – they don't take the report and tell you to leave.

q. when did you go?
a. when I was attacked the first time.

q. who did you speak to?
a. the lead officer who takes reports.

q. was it the same station?
a. dilma yes

q. what exactly was said to you?
a. they called me bad words and told me to leave the station. They said I was a liar and sister fucker and a dog – you lie! Leave!

Q. Do you fear you could be harmed in the future by the government, police?
A. yes BJP are in the government and I fear that they will kill me because I made announcements. The police will not take my report.

q. did you go to the police by yourself or with another person?
a. with my father both times.

### NEXUS QUESTIONS

**IT IS POSSIBLE THAT NOT ALL OF THESE QUESTIONS APPLY TO YOU SO PLEASE LISTEN CAREFULLY**

Q. Have you ever been harmed or do you fear harm because of your race or ethnicity?
A. no

Q. Have you ever been harmed or do you fear harm because of your religion?
A.   no

Q. Have you ever been harmed or do you fear harm because of your nationality?
A.   no

Q. Have you ever been harmed or do you fear harm because of your political opinion?

11

000069

Alien Number: A215823556
Name: SINGH Nirvair
Country:    India
Interpreter: LB11383932

Date: 9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

A. – I was attacked already because of this. I fear that BJP members will kill me. I made announcement and they hurt me because of this.

q. is there anything unique about you that somebody in your country doesn't like for which they may harm you?
a. no

## MANDATORY BARS

Q. Have you ever harmed another human being?
A. No.

Q. Have you ever committed a crime in any country?
A. No.

Q. Have you been arrested/convicted/or sentenced for a crime anywhere?
A. No.

Q. Have you ever been associated with a group that uses or has been accused of using violence or other illegal activities?
A. No.

q. Have you ever been part of a gang or criminal organization?
a. no

Q. Have you ever been a terrorist or participated in any terrorist related activities?
A. No.

Q. Do you think you could live safely in another area of India?
A. No.

Q. Why not?
A. BJP is part of the government and I wil not be safe anywhere. The local leader knows me personally.

## SUMMARY OF MATERIAL FACTS OF CASE

I'm now going to make a summary of the facts of your case. At the end of my summary, I will ask you if the summary was accurate or not.

You are a national and citizen of India. You were threatened approximately 10 times on the phone and physically harmed 2 times. You were harmed in January by BJP members that stated you should join their party. In July, you were attacked by BJP party members in a car and beaten until you were unconscious. You were again told to leave your party and join BJP. You and your father went to the police to make a report after both attacks but the police refused to take the report, called you a liar, and cursed at you. You are unable to live safely in another area of India because BJP is in power.

Q. Is all of this accurate?
A. yes

Alien Number: A215823556
Name: SINGH Nirvair
Country:    India
Interpreter: LB11383932

Date: 9/20/18
Asylum Office: ZAC
Asylum Officer: Doreen El-Roeiy ZAR 492

### CONCLUSION

Q. Is there anything else that is important to your claim that we have not yet discussed?
A.  I request to the judge. My life is in danger and I should be allowed to stay.

Q. Did you understand your interpreter today?
A. yes

q. did you understand the questions that I asked you?
a. yes

q. do you have any changes to make to your claim today?
a. no

**The interpreter will now explain to you the possible outcomes of your case. Interpreter, please read
Paragraph 3.2 to the Applicant.**

## [PARAGRAPH 3.2, FORM I-870, READ TO APPLICANT]

This concludes your credible fear interview. Please place the phone on the table, let the official know your
interview is finished, and I wish you the best of luck.

INTERVIEW END TIME: 2:05

13

000071

# EXHIBIT B

| A 215823556 | COUNTRY: India | APSO: D. EL-ROEIY ZAR492 | DATE: 9/20/18 |
|---|---|---|---|

- *If there is a significant possibility of establishing eligibility for asylum or withholding under 241(b)(3), complete A., B., and C only.*
- *If there is a significant possibility of establishing eligibility for protection under the Convention Against Torture, complete A., B., and D only.*
- *If there is not a significant possibility of establishing eligibility for asylum or withholding of removal under 241(b)(3) or for withholding or deferral of removal under the CAT pursuant to 8 CFR 208.16(c) or 208.17, complete Sections A., B., C., and D. unless the claim fails in Section A (Harm) or Section B. (Credibility), in which case, stop and complete Form I-870.*

**A. Harm** *(If yes to A.1. and/or A.2., move to Part B. If no to A.1. and A.2., STOP, and complete Form I-870.)*

| | |
|---|---|
| **1.** Has the applicant testified that he or she has experienced <u>past</u> harm in his or her country? *If yes, identify any past harm or mistreatment suffered, and identify all relevant entit(ies).* **Harm: Slapped, Punched, Beaten Unconscious** **Entit(ies):** BJP party members | Yes ☒ No ☐ |
| **2.** Has the applicant testified that he or she fears <u>future</u> harm if returned to his or her country? *If yes, identify any harm or mistreatment feared, and identify all relevant entit(ies).* **Harm: Death** **Entit(ies):** BJP party members | Yes ☒ No ☐ |

**B. Credibility** *(Select the appropriate box and if testimony was partially credible or not credible, then: (1) Identify the credibility factor and explain the evidence to support it, (2) provide the applicant's explanation, and (3) address if the explanation is reasonable for each factor. After analyzing all relevant credibility factors, consider them in the totality of the circumstances.)*

| | |
|---|---|
| **Applicant's testimony was credible:** Considering the totality of the circumstances and all relevant factors, the applicant's testimony was consistent, detailed, and plausible. Therefore, it is found credible. *(Check box and move to Section C. and/or D.)* | ☐ |
| **Applicant's testimony was partially credible:** Considering the totality of the circumstances and all relevant factors, the applicant's testimony was found partially credible. The applicant's testimony was found credible regarding the relevant facts that are sufficient to establish a credible fear. *(Check box, explain, and move to Section C. and/or D.)* | ☐ |
| **Applicant's testimony was not credible:** Considering the identified credibility issues, the absence of reasonable explanations for those issues, and taking into consideration the applicant's individual circumstances, the applicant's testimony is found not credible under the totality of the circumstances and all relevant factors. *(Check box, explain, STOP, and complete Form I-870.)*

The applicant's testimony was found not credible as it lacked detail on 2 material aspects and had one internal material inconsistency.

The applicant was asked how many times in total he was threatened in India. The applicant replied "2 or 3 times on the phone and 2 or 3 times I was beaten." The applicant later stated that he received approximately 10 phone calls with threats during the month of December 2017. When confronted, the applicant replied "I gave you just an estimate of how many times I was threatened." This answer is found unreasonable as an estimate that has such a large discrepancy is not consistent or reasonable. The applicant has a 10th grade level of education, was able to understand his Punjabi interpreter, and testified that he understood all questions asked by the officer. It is reasonable for the applicant to answer consistently and accurately when providing testimony under oath concerning the total number of threats faced in his home country. This inconsistency is material as it concerns the applicant's past persecution and his ability to establish a well-founded fear.

The applicant was asked how he joined the SAD-SAD-Mann party. The applicant replied that "there was camp of SAD-Mann party and that i got a chance to meet people." The applicant was asked a total of 4 different questions for further details on how he joined the party, and was unable to provide more information. When confronted with this lack of detail, the applicant replied "there are eye checks camps and blood camps — I liked it and thought I should help them." This answer is found to be unreasonable as it does not address the core of the nonconsistency. It is reasonable to expect an applicant that volunteered with a political party for approximately 4 times a month since 2017 to provide details on how he joined the party and became a party worker. This lack of detail is material as it concerns the applicant's political activities in his home country, which is the basis of his asylum claim.

The applicant was asked to provide details concerning his political activities, specifically how he was assigned to | ☒ |

make announcements and who told him to make these announcements. The applicant was asked who called him, their names, and who were his local party leaders. The applicant could not provide names or further details of these leaders. When confronted, the applicant replied that the party is very big. This response is not found reasonable as the applicant was a party worker since 2017 and volunteered for approximately 4 times a month. The applicant was receiving calls from committee members 4 times a month from 2017 until August 2018. It is reasonable to expect the applicant to have further details on who calls him, their names, and other descriptions of them. It is also reasonable to expect an applicant that volunteers for 4 times a month from 2017 until 2018 would be aware of his local party leaders. In addition, the applicant stated that his brother, who was a member of the party for 5 plus years, introduced him to the local leaders, yet he was still unable to provide their names of further details.

## C. Persecution *(If yes to C.1. or C.2., complete C.3. If no to C.1. and C.2., complete C.3.)*

| | |
|---|---|
| **1.a.** <u>Past Persecution:</u> There is a significant possibility the applicant can establish in a full hearing that:<br>• The harm experienced was sufficiently serious to amount to persecution;<br>• The entity that harmed the applicant was motivated to harm the applicant on account of his or her race, religion, nationality, membership in a particular social group, or political opinion; *and*<br>• The entity that harmed the applicant was an agent of the government or an entity that the government was unable or unwilling to control.<br><br>*AND*<br><br>**1.b.** There is no evidence so substantial that the presumption of well-founded fear can be rebutted.<br><br>*or*<br><br>If the presumption of well-founded fear has been rebutted, there is a significant possibility that asylum could be granted based on: (1) the severity of the past persecution; or (2) a reasonable possibility of other serious harm. | Yes ☐<br>No ☐ |
| **2.** <u>Future Persecution:</u> There is a significant possibility that the applicant can establish in a full hearing that:<br>• The applicant fears harm that is sufficiently serious to amount to persecution;<br>• The applicant<br>  1) <u>possesses</u> a protected characteristic,<br>  2) of which the feared entity is or could become <u>aware</u> or the feared entity believes that the applicant possess a protected characteristic,<br>  3) the feared entity has the <u>capability</u> to persecute the applicant,<br>  4) the feared entity has the <u>inclination</u> to persecute the applicant, OR there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of a protected ground;<br>• The entity would be motivated to harm the applicant on account of his or her race, religion, nationality, membership in a particular social group, or political opinion;<br>• The entity that would harm the applicant would be an agent of the government or an entity that the government would be unable or unwilling to control; *and*<br>• Under all the circumstances, it would not be reasonable for the applicant to relocate within the applicant's country to avoid future persecution. | Yes ☐<br>No ☐ |

**3.** <u>Written Analysis:</u>

Race ☐    Religion ☐    Nationality ☐    Membership in a Particular Social Group ☐    Political Opinion ☐

*If credible fear of persecution established, identify the protected ground and specify:*

*As needed, provide a brief reasoned analysis. Focus on determinative factors, applying the eligibility elements to the facts.*

## D. Torture *(Make a selection in D.1. and, as needed, complete D.2.)*

**D.1.** *There is a significant possibility the applicant can establish in a full hearing that:*

- The feared harm would be specifically intended to inflict severe pain or suffering on the applicant;
- The feared harm would constitute severe physical or mental pain or suffering;
- The feared harm would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity;
- The applicant would be in the offender's custody or physical control; *and*
- The harm would not arise only from or be inherent in or incidental to lawful sanctions.

In making this determination, the following evidence must be considered:

- Evidence of past torture inflicted upon the applicant;
- Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
- Evidence of gross, flagrant or mass violations of human rights within the country of removal; and other relevant information regarding conditions in the country of removal.

Yes ☐
No ☐

If the applicant has demonstrated that there is a **significant possibility** of establishing past torture *AND* there are no changes in circumstances so substantial such that the applicant does not have a credible fear of torture, the applicant will be found to have established a credible fear of torture.

**D.2.** Written Analysis: *As needed, provide a brief reasoned analysis. Focus on determinative factors, applying the eligibility elements to the facts.*

# EXHIBIT C

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Record of Determination/Credible Fear Worksheet**

| IRA | ZAC | A215823556 | SINGH |
|---|---|---|---|
| District Office Code | Asylum Office Code | Alien's File Number | Alien's Last/ Family Name |
| El-Roeiy | Doreen | India | |
| Asylum Officer's Last Name | Asylum Officer's First Name | Alien's Nationality | |

## SECTION I:

*All statements in italics must be read to the applicant*

**INTERVIEW PREPARATION**

**1.1** 8/17/18
Date of arrival [MM/DD/YY]

**1.2** San Ysidro
Port of arrival

**1.3** 8/17/18
Date of detention [MM/DD/YY]

**1.4** OMDC 7488 Calzada de la Fuente, San Diego, CA 92154
Place of detention .

**1.5** 8/19/18
Date of AO orientation [MM/DD/YY]

**1.6** N/A
If orientation more than one week from date of detention, explain delay

**1.7** 9/20/18
Date of interview [MM/DD/YY]

**1.8** telephonic
Interview site

**1.9** ☒ Applicant received and signed Form M-444 and relevant *pro bono* list on     8/19/18
Date signed [MM/DD/YY]

**1.10** Does applicant have consultant(s)?     ☐ Yes   ☒ No

**1.11** If yes, consultant(s) name, address, telephone number and relationship to applicant
N/A

**1.12** Persons present at the interview (check which apply)

**1.13** ☐ Consultant(s)

**1.14** ☐ Other(s):

**1.15** ☒ No one other than applicant and asylum officer

**1.16** Language used by applicant in interview:     Punjabi

**1.17** LB 11383932     ☒ Yes  ☐ No     12:35     2:05
Interpreter Service, Interpreter ID Number.     Interpreter Has Forms     Time Started     Time Ended

**1.18**     ☐ Yes  ☐ No
Interpreter Service, Interpreter ID Number.     Interpreter Has Forms     Time Started     Time Ended

**1.19**     ☐ Yes  ☐ No
Interpreter Service, Interpreter ID Number.     Interpreter Has Forms     Time Started     Time Ended

**1.20** ☒ Interpreter was not changed during the interview

**1.21** ☐ Interpreter was changed during the interview for the following reason(s):

**1.22** ☐ Applicant requested a female interpreter replace a male interpreter, or *vice versa*

**1.23** ☐ Applicant found interpreter was not competent

**1.24** ☐ Applicant found interpreter was not neutral

**1.25** ☐ Officer found interpreter was not competent

**1.26** ☐ Officer found interpreter was not neutral

**1.27** ☐ Bad telephone connection

**1.28** ☒ Asylum officer had the interpreter read the following paragraph to the applicant at the beginning of the interview:

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

Form I-870 (Rev. 11/21/03) N Page 1

| | | Alien's File Number: A215823556 |
|---|---|---|

## SECTION II:      BIOGRAPHIC INFORMATION

**2.1** SINGH
Last Name/ Family Name [ALL CAPS]

**2.2** Nirvair
First Name

**2.3** n/a
Middle Name

**2.4** 3/25/71
Date of birth [MM/DD/YY]

**2.5** Gender ☐ Male    ☐ Female

**2.6** n/a
Other names and dates of birth used

**2.7** India
Country of birth

**2.8** India
Country (countries) of citizenship (list all)

**2.9** Lubana india
Address prior to coming to the U.S. (List Address, City/Town, Province, State, Department and Country).

**2.10** Lubana
Applicant's race or ethnicity

**2.11** Sikh
Applicant's religion

**2.12** Punjabi
All languages spoken by applicant

**2.13** Marital status: ☐ Single ☒ Married ☐ Legally separated ☐ Divorced ☐ Widowed

     **2.14** Did spouse arrive with applicant? ☐ Yes ☒ No

     **2.15** Is spouse included in applicant's claim? ☐ Yes ☒ No

     **2.16** If currently married (including common law marriage) list spouse's name, citizenship, and present location (**if with applicant, provide A-Number**):
Balwinder Kaur, India, India,

**2.17** Children: ☒ Yes ☐ No

**2.18** List any children (*Use the continuation section to list any additional children*):

| Date of birth (MM/DD/YY) | Name | Citizenship | Present location (if w/PA, list A-Numbers) | Did child arrive with PA? | | Is child included in PA's claim? | |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | Yes | No |
| 4/4/08 | Manpreet Singh | India | India | ☐ | ☒ | ☐ | ☒ |
| 6/6/09 | Anjupreet Guur | India | India | ☐ | ☒ | ☐ | ☒ |

**2.19** Does applicant claim to have a medical condition (physical or mental), or has the officer observed any indication(s) that a medical condition exists? If YES, answer questions 2.20 and 2.21 and explain below. ☐ Yes ☒ No
None

     **2.20** Has applicant notified the facility of medical condition? ☐ Yes ☐ No

     **2.21** Does applicant claim that the medical condition relates to torture? ☐ Yes ☐ No

**2.22** Does the applicant have a relative, sponsor or other community ties, including spouse or child already listed above? ☒ Yes ☐ No

     **2.23** If YES, provide information on relative or sponsor (use continuation section, if necessary):

Unknown
Name

New York
Address

Mother's Friend
Relationship

9173029488
Telephone Number

| | | Alien's File Number: «A_Number» |
|---|---|---|

☐ Citizen      ☐ Legal Permanent Resident      ☐ Other:

## SECTION III:

### CREDIBLE FEAR INTERVIEW

**The following notes are not a verbatim transcript of this interview.**
These notes are recorded to assist the individual officer in making a credible fear determination
and the supervisory asylum officer in reviewing the determination.
**There may be areas of the individual's claim that were not explored or documented for purposes of this threshold screening.**

The asylum officer must elicit sufficient information related to <u>both</u> credible fear of persecution and credible fear of torture to determine whether the applicant meets the threshold screening. Even if the asylum officer determines in the course of the interview that the applicant has a credible fear of persecution, the asylum officer must still elicit any additional information relevant to a fear of torture. Asylum officers are to ask the following questions and may use the continuation sheet if additional space is required. If the applicant replies YES to any question, the asylum officer must ask follow-up questions to elicit sufficient details about the claim in order to make a credible fear determination.

**3.1**  **a.** *Have you or any member of your family ever been mistreated or threatened by anyone in any country to which you may be returned?*

☒ Yes   ☐ No

See interview notes

**b.** *Do you have any reason to fear harm from anyone in any country to which you may be returned?*

☒ Yes   ☐ No

See interview notes

**c.** *If YES to questions a and/or b, was it or is it because of any of the following reasons? (Check each of the following boxes that apply).*

☐ Race   ☐ Religion   ☐ Nationality   ☐ Membership in a particular social group   ☒ Political Opinion

See interview notes

**3.2**  ☒ At the conclusion of the interview, the asylum officer must read the following to applicant:

*If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made. Do you have any questions?*

See Interview Notes

**3.3**  ☒ At the conclusion of the interview, the asylum officer must read a summary of the claim, consisting of the responses to Questions 3.1 a-c and information recorded in the Additional Information/Continuation section, to applicant.

****Typed Question and Answer (Q&A) interview notes and a summary and analysis of the claim must be attached to this form for all negative credible fear decisions. These Q&A notes must reflect that the applicant was asked to explain any inconsistencies or lack of detail on material issues and that the applicant was given every opportunity to establish a credible fear.

Form I-870 (Rev. 11/21/03) N Page 3

Alien's File Number: «A_Number»

## SECTION IV:   CREDIBLE FEAR FINDINGS

**A.   Credible Fear Determination:**

**Credibility**

4.1 ☐ ~~There is a significant possibility that the assertions underlying the applicant's claim could be found credible in a full asylum or withholding of removal hearing. Applicant found credible~~

4.2 ☒ Applicant found not credible because (check boxes 4.3-4.5. which apply):

4.3 ☒ Testimony was internally inconsistent on material issues.

4.4 ☒ Testimony lacked sufficient detail on material issues.

4.5 ☐ Testimony was not consistent with country conditions on material issues.

**Nexus**

4.6 ☐ Race   4.7 ☐ Religion   4.8 ☐ Nationality   4.9 ☐ Membership in a Particular Social Group
(Define the social group):

4.10 ☐ Political Opinion   4.11 ☐ Coercive Family Planning [CFP]   4.12 ☐ No Nexus

**Credible Fear Finding**

4.13 ☐ Credible fear of persecution established.
OR

4.14 ☐ Credible fear of torture established.
OR

4.15 ☐ Credible fear of persecution NOT established and there is not a significant possibility that the applicant could establish eligibility for withholding of removal or deferral of removal under the Convention against Torture.

**B.   Possible Bars:**

4.16 ☐ Applicant could be subject to a bar(s) to asylum or withholding of removal (check the box(es) that applies and explain on the continuation sheet):

4.17 ☐ Particularly Serious Crime   4.18 ☐ Security Risk   4.19 ☐ Aggravated Felon

4.20 ☐ Persecutor   4.21 ☐ Terrorist   4.22 ☐ Firmly Resettled

4.23 ☐ Serious Non-Political Crime Outside the United States

4.24 ☒ Applicant does not appear to be subject to a bar(s) to asylum or withholding of removal.

**C.   Identity:**

4.25 ☒ Applicant's identity was determined with a reasonable degree of certainty (check the box(es) that applies):

4.26 ☒ Applicant's own credible statements. (If testimony is credible overall, this will suffice to establish the applicant's identity with a reasonable degree of certainty).

4.27 ☐ Passport which appears to be authentic.

4.28 ☐ Other evidence presented by applicant or in applicant's file (List): _____

4.29 ☐ Applicant's identity was not determined with a reasonable degree of certainty. (Explain on the continuation sheet.)

## SECTION V:   ASYLUM OFFICER / SUPERVISOR NAMES AND SIGNATURES

5.1 D. El-Roeiy ZAR492
Asylum officer name and ID CODE (print)

5.2 Asylum officer's signature

5.3 9/20/18
Decision date

5.4 M, Dhanish, ZAR242
Supervisory asylum officer name

5.5 Supervisor's signature

5.6 9/23/18
Date supervisor approved decision

Form I-870 (Rev. 11/21/03) N Page 4

000057

Alien's File Number: «A_Number»

## ADDITIONAL INFORMATION/CONTINUATION

**Additional Notes:**

000058

# EXHIBIT D

U.S. Department of Homeland Security

**Record of Sworn S.. .ement in Proceedings under Section 235(b)(1) of the Act**

| | |
|---|---|
| Office: IMPERIAL BEACH, CA, BORDER PATROL STATION | File No: A215 823 556 |
| Statement by: NIRVAIR SINGH | Event No: IMB1808000191 |

In the case of: NIRVAIR SINGH

Date of Birth: 03/25/1971        Gender (select one): ☒ Male ☐ Female

At: IMPERIAL BEACH, CA, BORDER PATROL STATION    Date: August 19, 2018

Before: OMAR CEJA        BORDER PATROL AGENT
_____
(Name and Title)

In the PUNJABI   language. Interpreter FBSU       Employed by TRANSLATORS AND INTERPRETERS I

I am an officer of the United States Department of Homeland Security. I am authorized to administer the immigration laws and to take sworn statements. I want to take your sworn statement regarding your application for admission to the United States. Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview.

You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This may result in your being denied admission and immediately returned to your home country without a hearing. If a decision is made to refuse your admission into the United States, you may be immediately removed from this country, and if so, you may be barred from reentry for a period of 5 years or longer.

This may be your only opportunity to present information to me and the Department of Homeland Security to make a decision. It is very important that you tell me the truth. If you lie or give misinformation, you may be subject to criminal or civil penalties, or barred from receiving immigration benefits or relief now or in the future.

Except as I will explain to you, you are not entitled to a hearing or review.

U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have a concern about being removed from the United States or about being sent home, you should tell me so during this interview because you may not have another chance. You will have the opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear.

Until a decision is reached in your case, you will remain in the custody of the Department of Homeland Security.

Any statement you make may be used against you in this or any subsequent administrative proceeding.

Q. Do you understand what I have said to you or what you have read?
A. Yes.
Q. Do you have any questions?
A. No.
Q. Do you swear or affirm that all statements you are about to make are true and complete?
A. Yes.
Q. What is your true and complete name?
A. Nirvair Singh.    *N S*
Q. Have you ever used any other names? If so, what names?
A. No.
Q. What is your date of birth?
A. 3/25/1971
Q. Have you ever used any other dates of birth? If so, please list them.
...(CONTINUED ON I-831)

Page 1 of 4

I-867A (08/01/07)

U.S. Department of Homeland Security                     Continuation Page for Form _____ **I867A**

| Alien's Name<br>**MIRVAIR  SINGH** | File Number | Date<br>**August 19, 2018** |
|---|---|---|
| | **Event No:IMB1808000191** | |

A. No.
Q. Do you have any tattoos?
A. No.
Q. In what country, city, and state/district were you born?
A. Nurpur, Lubana, India.
Q. What country or countries are you a citizen of?  $N5$
A. India.
Q. What is your current address (CITY, PROVINCE/DISTRICT, COUNTRY)?
A. Nurpur, Lubana, India.
Q. Are you, or were you ever married? What is/was your spouse's name, nationality, and where does he/she live?
A. Yes.  Balwinder Kaur. Indian.
Q. Do you have any children? If so, what are their names, nationalities, and where do they live?
A. No.
Q. What is your father's name?
A.  Narijan Singh.
Q. What is your mother's name?
A.  Manjeet Kaur.
Q. What country or countries are your parents citizens of?
A. India.
Q. In what country, city, state or province do your parents reside?
A. Lubana, India.
Q. What is the name of the last school you attended?
A. Radha Soami School.
Q. What is the name of the last church/temple/mosque you attended?
A. Maliga Temple.
Q. What is your religion?
A.  Sikh.
Q. How much money do you have in your possession?
A. 400 USD.
Q. Do you speak English?
A. No.
Q. When and where did you learn to speak English?
A.  N/A
Q. What other languages can you speak, read or write?
A. None.
Q.  Do you have any family or friends that live in the United States?  If so, what are their names, and where do they live?
A.  My mother has a friend in New York.
Q.  Do you have a passport?  If not, where is it, and/or when was the last time you had possession of it?
A.  No.
Q.  When did you leave your home country?
A.  August 9, 2018.
Q.  Name all of the countries you traveled through on your way to the United States and length of time you stayed in those counties.

| Signature | Title |
|---|---|
| OMAR CEJA | **BORDER PATROL AGENT** |

___2___ of ___4___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

| U.S. Department of Homeland Security | Continuation Page for Form | **I867A** |
|---|---|---|

| Alien's Name | File Number | Date |
|---|---|---|
| NIRVAIR   SINGH | Event No: IMB1808000191 | August 19, 2018 |

A.  India, Russia, Cuba, Mexico.
Q.  Did you stay in any of those countries more than 5 days?
A.  No.
Q.  Did you work in of those countries?
A.  No.
Q.  Have you every applied for refugee or asylum status in any other country?
A.  No.
Q.  Are you in possession of any immigration documents that allow you to enter or remain in the United States legally?
A.  No.
Q.  Have you ever applied for any immigration status in the United States?
A.  No.
Q.  Do you have any petitions filed on your behalf to enter or remain in the United States?
A.  No.
Q.  Why did you choose to enter the United States illegally and not obtain a visa?
A.  I feared for my life.
Q.  For what purpose did you enter the United States illegally?
A.  I feared for my life in India.
Q.  Did you leave your country to find better employment?
A.  No.
Q.  When you left your home country, what was the final destination on the plane ticket?
A.  Russia.
Q.  What type of visa did you use to enter that country?
A.  On arrival.
Q.  Did you ever plan on staying in that country?
A.  No.
Q.  What was your final goal; to get out of your home country, or to come to the United States?
A.  My life will be safe here.
Q.  If you are out of your home country, are you safe?
A.  Yes.
Q.  What was your intended destination in the United States?
A.  New York.
Q.  How much did you or your family/friends pay for you to be smuggled to the United States? 10 000 USD
A.  I do not know that.  My family arranged for me to be smuggled.
Q.  What are the names, addresses, phone numbers, email addresses, etc., of those who assisted you or smuggled you to the United States?
A.  I do not know.
Q.  Did you encounter any corrupt government officials at any point during the trip?  If so, when and where?  Do you remember any of their names?
A.  No.
Q.  Did any of your smugglers ever provide you with official, or otherwise fraudulent travel documents?  If so, how did they provide those documents to you?
A.  No.
Q.  How much did you pay to be smuggled into the United States?
A.  I do not know.

| Signature | Title |
|---|---|
| OMAR CAZA | BORDER PATROL AGENT |

_3_ of _4_ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

| U.S. Department of Homeland Security | | Continuation Page for Form ___ **I867A** |
|---|---|---|

| Alien's Name<br>**NIRVAIR SINGH** | File Number<br><br>Event No:DMB1808000191 | Date<br>**August 19, 2018** |
|---|---|---|

Q. Was that paid in U.S. currency or another form of currency?
A. I do not know.
Q. How did you or your family acquire those funds?
A. I do not know.
Q. Do you know anyone else who has been smuggled into, or who has attempted to be smuggled into the United States?
A. No.
Q. When and where did you last enter the United States illegally?
A. Earlier today.
Q. Were you inspected by immigration officers at a Port of Entry?
A. No.
Q. Have you ever been apprehended by any law enforcement officers in the United States, your country of citizenship, or any other country?
A. No.
Q. How many times have you been apprehended by the United States Border Patrol for entering the United States illegally?
A. This is the first time.
Q. What happened after the United States Border Patrol apprehended you?
A. They brought me here.
Q. Have you ever been presented before an Immigration Judge?
A. No.
Q. Are you a member of a political party?  If so, which one?
A. Yes, the Shiromani Akali Dal.
Q. Do you have any proof that you are member of that political party?
A. No.
Q. Do you have any proof that any opposing political parties have harmed or threatened to harm you (police reports, hospital records, etc.).
A. No.
Q. Have you ever been harmed in your home country?
A. Yes.  The BJP beat me.
Q. Have you ever been harmed in any other country?
A . No.
Q. Were you advised of your consulate rights (TIME:  02:23 a.m.)?    *N S*
A. Yes.
Q. Again, do you want to speak to a consulate officer?
A. No.

| Signature<br><br>OMAR CEJA | Title<br><br>BORDER PATROL AGENT |
|---|---|

___4___ of ___4___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**

**Jurat for Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act**

Q: Why did you leave your home country or country of last residence?

A. I FEAR FOR MY LIFE.

Q. Do you have any fear or concern about being returned to your home country or being removed from the United States?

A. YES.

*N S*

Q. Would you be harmed if you are returned to your home country or country of last residence?

A. YES.

*N S*

Q. Do you have any question or is there anything else you would like to add?

A. NO.

I have read (or have had read to me) this statement, consisting of __2__ pages (including this page). I state that my answers are true and correct to the best of my knowledge and that this statement is a full, true and correct record of my interrogation on the date indicated by the above named officer of the Department of Homeland Security. I have initialed each page of this statement (and the corrections noted on page(s)_____).

*NIRVAIRSiNGh*

Signature: NIRVAIR SINGH

Sworn and subscribed to before me at IMPERIAL BEACH, CA, BORDER PATROL STATION on August 19, 2018 .

OMAR CEJA
BORDER PATROL AGENT

Signature of Immigration Officer

*I - 2cd*

Witnessed by: NORMA ALICIA GONZALEZ

Page __1__ of __1__

I-867B (08/01/07)

# EXHIBIT E

**U.S. Department of Homeland Security**

**Notice of Referral to Immigration Judge**

| C/O DHS Otay Mesa Detention Center 7488 Calzada de la Fuente, San Diego, CA 92154 | DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW | **Date** SEP 2 6 2018 |
|---|---|---|
| | | **A-File**  A215823556 |
| **Name**  SINGH, Nirvair | SEP 2 6 2013 | **Country of Citizenship**  INDIA |
| **Place and SAD-Manner of Arrival** At San Ysidro, CA Port of Entry; afoot. | IMMIGRATION COURT OTAY MESA (OTM) | **Date of Arrival** On or about 8/19/18 |

**To immigration judge:**

☒ 1. The above-named alien has been found inadmissible to the United States and ordered removed pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act). A copy of the removal order is attached. The alien has requested asylum and/or protection under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act and 8 CFR § 208.30(g).

☐ 2. The above-named alien arrived in the United States as a stowaway and has been ordered removed pursuant to section 235(a)(2) of the Act. The alien has requested asylum and/or withholding of removal under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act.

☐ 3. The above-named alien arrived in the United States in the SAD-Manner described below and has requested asylum and/or withholding of removal under the Convention against Torture. The matter is referred for a determination in accordance with 8 CFR § 208.2(c). Arrival category (check one):
☐ Crewmember/applicant     ☐ Crewmember/refused     ☐ Crewmember/landed
☐ Crewmember/violator     ☐ VWP/applicant     ☐ VWP/violator
☐ 235(c) order     ☐ S-visa nonimmigrant     ☐ Stowaway: credible fear determination attached

☐ 4. The above-named alien has been ordered removed by an immigration officer pursuant to section 235(b)(1) of the Act. A copy of the removal order is attached. In accordance with section 235(b)(1)(C) of the Act, the matter is referred for review of that order. The above-named alien claims to be (check one):
☐ a United States citizen     ☐ a lawful permanent resident alien
☐ an alien granted refugee status under section 207 of the Act     ☐ an alien granted asylum under section 208 of the Act.

☐ 5. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the Department of Homeland Security (DHS) has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien does not have a reasonable fear of persecution or torture. The alien has requested a review of that determination in accordance with 8 CFR §§ 208.31(f) and (g).

☐ 6. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the DHS has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien has a reasonable fear of persecution or torture. The matter has been referred for a determination in accordance with 8 CFR § 208.31(e).

☐ 7. The Secretary of Homeland Security has determined that the release from custody of the above-named alien who is under a final order of removal would pose a special danger to the public according to the standards set in 8 CFR § 241.14(f)(1). The DHS has therefore invoked procedures to continue the alien's detention even though there is no significant likelihood that the alien will be removed from the United States in the reasonably foreseeable future. The matter is referred to the immigration judge for a review of this determination in accordance with 8 CFR § 241.14(g).

Form I-863 (Rev.08/01/07)

000045

**U.S. Department of Homeland Security**
**Citizenship and Immigration Services**

# Notice of Referral to Immigration Judge

this determination in accordance with 8 CFR § 241.14 (g).

## NOTICE TO APPLICANT

You are ordered to report for a hearing before an immigration judge for the reasons stated above. Your hearing is scheduled on:

| TBD | AT | TBD | . You are to appear at: **EOIR, Site to be determined in San Diego** |
|-----|----|----|----|
| (Date) | | (Time) | |

**EOIR, Site to be determined in San Diego**
**(Complete Office Address)**

☒ You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an Immigration Court. If you wish to be so represented, your attorney or representative should appear with you at this hearing. In the event of your release from custody, you must immediately report any change of your address to the Immigration Court on Form EOIR-33, which is provided with this notice. If you fail to appear for a scheduled hearing, a decision may be rendered in your absence.

☒ You may consult with a person or persons of your own choosing prior to your appearance in Immigration Court. Such consultation is at no expense to the government and may not unreasonably delay the process.

☒ Attached is a list of recognized organizations and attorneys that provide free legal service.

_____ ıSAo ɔɿɔ  **Supervisory Asylum Officer**
**(Signature and title of immigration officer)**

## CERTIFICATE OF SERVICE

☒ The contents of this notice were read and explained to the applicant in the ___Punjabi___ language.

☒ An original of this notice was delivered to the above-named applicant by the undersigned on **SEP 2 6 2018** and the alien has been advised of communication privileges pursuant to 8 CFR 236.1E. Delivery was made:

☒ in person ☐ by certified mail, return receipt requested # _____ ☐ by regular mail

_____ ıΔ
**(Signature and title of the immigration officer)**

Attachments to copy presented to immigration Judge:

☐ Passport                                  ☒ Form I-860
☐ Visa                                       ☒ Form I-869
☐ Form I-94                                  ☐ Form I-898
☐ Forensic document analysis                ☐ Asylum officer's reasonable fear determination worksheet (I-899)
☐ Fingerprints and photographs              ☒ Asylum officer's credible fear determination worksheet (I-870)
☐ EOIR-33

☐ **FOR 8 CFR 241.14(f) CASES ONLY:** Written statement including summary of the basis for the Secretary's determination to continue the alien in detention, and description of the evidence relied on in finding the alien especially dangerous (with supporting documents attached).

☐ **FOR 8 CFR 241.14(f) CASES ONLY:** Written notice advising the alien of initiation of proceedings and informing alien of procedures governing the Reasonable Cause Hearing at 8 CFR 241.14(h).

☒ Other (specify): ___Interview Notes___

Form I-863 (rev. 08/01/07)

000046

# EXHIBIT F

U.S. Department of Homeland Security

## Notice and Order of Expedited Removal

### DETERMINATION OF INADMISSIBILITY  Event No: IMB1808000191

File No: **A215 823 556**

Date: **August 19, 2018**

In the Matter of: NIRVAIR  SINGH

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1.  You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.  You are not a citizen or national of the United States, you are a native of India and a citizen of India, and on August 17, 2018, you illegally entered the United States at/near San Ysidro, California, and you were not inspected by an Immigration Officer.

DAVID  NGUYEN

BORDER  PATROL  AGENT
Name and title of immigration officer (Print)

Signature of immigration officer

### ORDER OF REMOVAL
### UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

Mark Paramo, SDDO

Name and title of immigration officer (Print)

Signature of immigration officer

B. PARK, SDDO

Name and title of supervisor (Print)

Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on ___9/26/2018___
(Date)

Signature of immigration officer

Form I-860 (Rev. 08/01/07)

000047

**U.S. Department of Homeland Security**
**U.S. Citizenship and Immigration Services**

**Record of Negative Credible Fear Finding**
**and Request For Review by Immigration Judge**

Alien File Number: A215823556

**1. To be explained to the alien by the asylum officer:**

U.S. Citizenship and Immigration Services (USCIS) has determined that you do not have a credible fear of persecution or torture pursuant to 8 CFR 208.30 for the following reason(s):

**A.** ☐  You have not established a credible fear of persecution in your country of nationality, country of last habitual residence, or a country to which you have been ordered removed because:

    ☐ You have not indicated that you were harmed in the past and you have not expressed fear of future harm.

    ☐ There is no significant possibility that you could establish in a full hearing that the harm you experienced and/or the harm you fear is on account of your race, religion, nationality, political opinion, or membership in a particular social group.

    ☐ You have not indicated that you were harmed in the past, and there is no significant possibility that you could establish in a full hearing that the harm you fear is well founded.

    ☐ There is no significant possibility that you could establish in a full hearing that the harm you experienced or fear was/is sufficiently serious to amount to persecution.

    ☐ There is no significant possibility that you could establish in a full hearing that the entity that harmed you or would harm you was/is an agent of the government or an entity the government was/is unable or unwilling to control.

    **AND**

☐ You have not established a credible fear of torture in a country to which you have been ordered removed because you have not established that there is a significant possibility that:

    ☐ You would suffer severe physical or mental pain or suffering.

    ☐ The harm you fear would be specifically intended to inflict severe physical or mental pain or suffering.

    ☐ The harm you fear would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity.

    ☐ The harm you fear would be inflicted while you are in the custody or physical control of the offender.

    ☐ The harm you fear would not arise only from, would not be inherent in, and would not be incidental to, lawful sanctions.

**B.** ☒  Considering the totality of the circumstances and all relevant factors, you have not established that your testimony is credible.

If you request that an Immigration Judge review this decision, you will remain in detention until an Immigration Judge reviews your case. That review could occur as long as 7 days after you receive this decision.

If you do not request that an Immigration Judge review the decision, you may be removed from the United States immediately.

**2. To be completed by the alien:**

☒ Yes, I request Immigration Judge review of the decision that I do not have a credible fear of persecution or torture.

☐ No, I do not request Immigration Judge review of the decision that I do not have a credible fear of persecution or torture.

| SINGH | Nirvair | Nirvar Sinh |
|---|---|---|
| Applicant's Last Name/ Family Name (Print) | Applicant's First Name (Print) | Applicant's Signature |
| ANDRZEJEWSKI | Logan | SEP 2 6 2018 |
| Asylum Officer's Last Name (Print) | Asylum Officer's First Name, (Print) | Date |

The contents of this form were read and explained to the applicant in the    PUNJABS    language

Interpreter used:   Linadcise

By telephone (list interpreter service /ID number used   11414727   )

In person (I, _____ , certify that I am fluent in both the _____ and English languages. I interpreted the above information completely and accurately to the alien.)

| | |
|---|---|
| Interpreter's Signature | Date |

Form I-869 (02/15/17)

000048

# EXHIBIT G

U.S. DEPARTMENT OF HOMELAND SECURITY

## NOTICE TO ALIEN ORDERED REMOVED/DEPARTURE VERIFICATION

A-File No: 215 823 556

Date: 08/19/2018

Alien's name:  NIRVAIR  SINGH

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States

☒ For a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

☐ For a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed in proceedings under any section of the Act other than section 235(b)(1) or 240, or of being ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

☐ For a period of 20 years from the date of your departure from the United States as a consequence of being found inadmissible and being previously excluded, deported, or removed from the United States.

☐ At any time because in addition to being found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected, you must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or U.S. Department of Homeland Security office. Refer to the above file number when requesting forms or information.

WARNING FOR ALL REMOVED ALIENS: It is a crime under Title 8 United States Code, Section 1326, for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent. Depending on the circumstances of the removal, conviction for this crime can result in imprisonment of a period of from 2 to 20 years and/or a fine up to $250,000.

SPECIAL NOTICE TO SEX OFFENDERS: Federal Law requires a convicted sex offender, including an alien who has been removed from or otherwise departed the United States and subsequently returns, to register in each jurisdiction in the United States in which he or she resides, is employed, or is a student. Violation of this requirement can result in prosecution and imprisonment for up to 10 years under Title 18 United States Code, Section 2250.

DAVID NGUYEN

(Signature of officer serving warning)

BORDER PATROL AGENT

(Title of officer)

SAN DIEGO, CALIFORNIA

(Location of DHS Office)

## Verification of Removal
(Complete this section for file copy only)

| Departure Date | Port of Departure | | Manner of Departure |
|---|---|---|---|
| Signature of Verifying Officer | | Title of Officer | |



Photograph of Alien

NIRVAIR SINGH

(Signature of alien whose fingerprint and photograph appear above)

Right Index Finger

(Signature of official taking fingerprint)

DHS Form I-296 (1/12)

Page 1 of 1

# EXHIBIT H

**TORI S. BRYANT, ESQ.**
374 E. H Street, Ste. A, PMB 429
Chula Vista, CA 91910
Telephone: 619-208-0262

Arizona State Bar No. 020391
Attorney for Respondent

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## OTAY MESA IMMIGRATION COURT
## SAN DIEGO, CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF | )<br>)<br>) File Number A 215 823 556<br>)<br>NIRVAIR SINGH )<br>) Next Hearing:  Individual/Credible Fear<br>) Review<br>In Removal Proceedings. )<br>)         October 15, 2018<br>)         1 PM<br>JUDGE:     Halliday-Roberts |

---

### RESPONDENT'S ADDENDUM/CORRECTIONS TO CREDIBLE FEAR INTERVIEW

EXHIBIT # 1 for ID
Catherine Halliday-Roberts

OCT 1 5 2018

Immigration Judge

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

OCT 1 5 2018

IMMIGRATION COURT
OTAY MESA (OTM)

1

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OTAY MESA IMMIGRATION COURT
SAN DIEGO, CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| | ) File Number A 215 823 556 |
| | ) |
| NIRVAIR SINGH | ) |
| | ) RESPONDENT'S |
| | ) ADDENDUM/CORRECTIONS TO |
| In Removal Proceedings. | ) CREDIBLE FEAR INTERVIEW |
| | ) |

COMES NOW Respondent, by and through undersigned counsel, presenting an addendum and/or corrections to responses given in a Credible Fear Interview dated September 20, 2018. Respondent's asylum officer found his testimony to not be credible based on the totality of the circumstances. Respondent offers this Addendum to provide clarity to the testimony given to the officer.

Respondent claims that he was extremely nervous during his interview, and may have misunderstood some of the questions even though a Punjabi interpreter was used. Respondent was also under the influence of medication, and had recently been released from a lengthy stay in a local hospital due to heart problems and blood pressure issues. Respondent takes roughly 7 medications or more each day to manage heart, blood pressure, pain, and low potassium issues. Respondent complains that he does suffer negative effects due to the medications, including headaches, pain, and confusion. Based on these factors, Respondent did not provide complete answers to the questions asked of him.

2

Respondent is an Indian national from Lubana who fled India for the United States to save his life. Respondent is married, with no children. His wife and other family members live in India. Respondent entered the U.S. in August of 2018 with the help of a smuggler, whose payment was arranged by his family. Respondent stated that he had no knowledge of the arrangements made with his smuggler in his I-831. Respondent's intended destination was New York to stay with his mother's friend; however, he was not responsible for acquiring a sponsor or finding a place to live. Respondent's family handled his travel arrangements, and Respondent did not participate in those decisions. (See I-831.)

Since his arrival in the U.S., Respondent's family has arranged for a family relative to sponsor him. The family member, Darvinger Singh, resides in the Fullerton, California area and is prepared to be responsible for the Respondent, provide room, board, and transportation to all of his court hearings. Respondent's sponsor has regular communication with Respondent's family in India, including with Respondent's wife.

Respondent testified that he was a member of the Shiromani Akali Dal political party, an opposing party of the BJP Party. Respondent testified that he was beaten by BJP Party members. The asylum officer found his testimony to be not credible regarding material issues. Respondent supplies the following information for clarity.

Respondent was introduced to the Shiromani Akali Dal political party by his older brother. Respondent's brother introduced the respondent to the party leader, Simrom Jeet Maan. Prior to meeting the leader and observing his brother's participation in the party, Respondent had never joined a political party. Respondent did not pay a membership fee, complete registration, or sign up to become a member of the Shiromani Akali Dal political party. Respondent's brother was a worker with the party for approximately 5 years, as were some of Respondent's friends.

3

Respondent became interested in the Shiromani Akali Dal political party based on his observations of the party members' service to their community. The Shiromani Akali Dal political party primarily was known for helping the poor with a number of services, primarily by establishing an "eye camp" for the indigent.

Respondent testified during his interview that he was assaulted by members of the BJP Party in January and July of 2018. He also was repeatedly threatened by members of the BJP party for his affiliation with the Shiromani Akali Dal political party. Respondent suffered injuries as a result of the attacks and was treated by the village doctor. Respondent did attempt to file a police report regarding his attacks. His father accompanied him to the police station to report what had occurred and who was responsible. The police refused to help the Respondent or accept his complaint on both occasions when Respondent tried to report the attacks on him.

Prior to Respondent's attacks by the BJP, Respondent's brother Karnall Singh was killed in September of 2016, and his brother's son Gurpreet Singh (Respondent's nephew) was killed in May of 2018. Respondent's brother and nephew were killed by members of the BJP. See Respondent's brother's and nephews death certificates – Exhibits A – Respondent's brother's (Karnall Singh) death certificate and B – Respondent's nephew's (Gurpreet Singh) death certificate. See also Respondent's (Nirvair Singh) birth certificate to establish familial relationship.

Respondent is open to be questioned by the Court regarding his incomplete responses to the asylum officer.

4

Respectfully Submitted on the 15th of October, 2018

Tori S. Bryant

Attorney for Respondent

## CERTIFICATE OF SERVICE

I, Tori S. Bryant, hereby certify that I have served a copy of the following Dept. of State Country
Conditions Report to DHS Counsel in person, in court on October 15, 2018, at the following
address:

DHS Counsel
P.O. Box 438150
San Diego, CA 92143-8150

BY:

5

000032



EXHIBIT A



ਪੰਜਾਬ ਸਰਕਾਰ / Government of Punjab
ਸਿਹਤ ਤੇ ਪਰਿਵਾਰ ਭਲਾਈ ਵਿਭਾਗ
Health & Family Welfare Department
ਚੀਫ਼ ਰਜਿਸਟਰਾਰ ਜਨਮ ਤੇ ਮੌਤ, ਪੰਜਾਬ
Chief Registrar Births & Deaths, Punjab

168S60

## ਮੌਤ ਸਰਟੀਫਿਕੇਟ / Death Certificate

ਇਹ ਤਸਦੀਕ ਕੀਤਾ ਜਾਂਦਾ ਹੈ ਕਿ ਹੇਠ ਲਿਖੀ ਸੂਚਨਾ ਅਸਲ ਮੌਤ ਰਿਕਾਰਡ (ਵਿੱਚੋਂ ਲਈ ਗਈ ਹੈ ਜਿਹੜੀ ਕਿ
ਲੋਕਲ ਰਜਿਸਟਰਾਰ, ਜਨਮ ਤੇ ਮੌਤ, ਨਗਰ ਨਿਗਮ/ਕਮੇਟੀ/ਕੌਸਲ/ਪੰਚਾਇਤ/ਬਲਾਕ/ਪੁਲਿਸ ਥਾਣਾ-ਸੈਂਟਰ ....................
ਬਲਾਕ/ਬਲਾਕ (ਪੀ.ਐਚ.ਸੀ.) ............... ਤਹਿਸੀਲ ..............
ਜ਼ਿਲ੍ਹਾ ................ ਜ਼ਿਲ੍ਹਾ ............... ਪੰਜਾਬ, ਦੇ ਸਾਲ ....2016....
ਦੇ ਮਿਲੇਸ਼ਨ ਵਿਚ ਦਰਜ ਹੈ।

This is to certify that the following information has been taken from the original death record which is registered in the death register of Local Registrar, Births & Deaths, Municipal Corporation / Council / Gram Panchayat/Block/Police Station/Sub Centre ....NURPUR LUBAN....
Block/Block (P.H.C) ...KALA SANGHIAN... Tehsil ...KAPURTHALA....
....KAPURTHALA.... of Punjab State for the year ....2016....

ਮ੍ਰਿਤਕ ਦਾ ਨਾਮ / Name of Deceased ....................... KARNAIL SINGH (ਲੇਟ / Sxxxxxxxx)
ਪਿਤਾ ਦਾ / ਪਤੀ ਦਾ ਨਾਮ / Father's / Husband's Name .... NIRANJAN SINGH
ਮ੍ਰਿਤਕ ਦੀ ਮਾਤਾ ਦਾ ਨਾਮ / Name of Deceased's Mother ....... MANJIT KAUR
ਮੌਤ ਦੀ ਮਿਤੀ / Date of Death 09/11/2016 ਮੌਤ ਦਾ ਸਥਾਨ / Place of Death ਵੀ.ਪੀ.ਓ. NURPUR LUBANA
ਰਜਿਸਟ੍ਰੇਸ਼ਨ ਦੀ ਮਿਤੀ / Date of Registration 22/11/2016 ਰਜਿਸਟ੍ਰੇਸ਼ਨ ਨੰ:/Registration No
D.036/029135/2016/CCCC II
ਮ੍ਰਿਤਕ ਦਾ ਪੱਕਾ ਪਤਾ

ਮੌਤ ਦੇ ਸਮੇਂ ਮ੍ਰਿਤਕ ਦਾ ਪਤਾ .................
Permanent address of the deceased
.............. V.P.O. NURPUR LUBANA
.............. TEHSIL KAPURTHALA
Re marks (if any)

ਜਾਰੀ ਕਰਨ ਦੀ ਮਿਤੀ / Date of issue ....22/11/2016....

ਸਰਟੀਫਿਕੇਟ ਤਿਆਰ ਕਰਨ ਵਾਲੇ ਦਾ ਨਾਮ ਅਤੇ ਅਹੁਦਾ
Name & Designation of Official who prepared certificate
ਰਜਿਸਟ੍ਰੇਸ਼ਨ ਕੇਂਦਰ ANM
ਨਗਰ ਨਿਗਮ ਰਾਜੀਵ

ਜਾਰੀ ਕਰਨ ਵਾਲੇ ਅਧਿਕਾਰੀ ਦੇ ਦਸਤਖ਼ਤ, ਨਾਮ ਤੇ ਪਤਾ
Signature, Name & address of the issuing Authority
ਰਜਿਸਟ੍ਰੇਸ਼ਨ ਕੇਂਦਰ
ਸੀ.
ਸਬ ਸੈਂਟਰ ਨੁਰਪੁਰ ਲੁਬਾਣਾ
ਬਲਾਕ ਸੰਘੀਆ (ਕਪੂਰਥਲਾ)

ਜਰੂਰੀ ਹਦਾਇਤਾਂ ....... ਮੌਤ ਸਰਟੀਫਿਕੇਟ ਵਿਚ ....
Cause of Death **VALID OUTSIDE INDIA** .. be record given in the death Certificate
Photo-copy of document .. Ensure registration of every birth and death
Produced **ATTESTED**

Notary Kapurthala (Pb) India

000034

# EXHIBIT B





सत्यमेव जयते

Document Sr. No :
5769126



ਪੰਜਾਬ ਸਰਕਾਰ/ Government of Punjab
ਸਿਹਤ ਤੇ ਪਰਿਵਾਰ ਭਲਾਈ ਵਿਭਾਗ
Health and Family Welfare Department

ਡੀ.ਪੀ.ਐਚ /D.P.H - 369
ਫ਼ਾਰਮ / Form-7

ਚੀਫ਼ ਰਜਿਸਟਰਾਰ ਜਨਮ ਤੇ ਮੌਤ, ਪੰਜਾਬ
Chief Registrar Births and Deaths, Punjab
ਮੌਤ ਦਾ ਸਰਟੀਫ਼ਿਕੇਟ/Death Certificate



ਇਹ ਤਸਦੀਕ ਕੀਤਾ ਜਾਂਦਾ ਹੈ ਕਿ ਹੇਠ ਲਿਖੀ ਸੂਚਨਾ ਅਸਲ ਮੌਤ ਰਿਕਾਰਡ ਵਿਚੋਂ ਲਈ ਗਈ ਹੈ ਜਿਹੜੀ ਕਿ ਲੋਕਲ ਰਜਿਸਟਰਾਰ, ਜਨਮ ਤੇ ਮੌਤ, ਨਗਰ ਨਿਗਮ / ਕੌਂਸਲ / ਸਬ-ਸੈਂਟਰ ਐਸ ਐਮ ਓ- ਜਲੰਧਰ ਸਿਟੀ ਬਲਾਕ/ਬਲਾਕ (ਪੀ.ਐਚ.ਸੀ) ਤਹਿਸੀਲ ਜਲੰਧਰ-1 ਜ਼ਿਲ੍ਹਾ ਜਲੰਧਰ ਪੰਜਾਬ, ਦੇ ਸਾਲ 2018 ਦੇ ਰਜਿਸਟਰ ਵਿਚ ਦਰਜ ਹੈ।

This is to certify that following information has been taken from the original death record which is registered in the death register of Local Registrar, Births and Deaths, Municipal Corporation / Council / Sub-Centre SMO- JALANDHAR CITY, Block/Block (P.H.C) Tehsil Jalandhar-1 District Jalandhar of Punjab State for the year 2018.

| | |
|---|---|
| ਮ੍ਰਿਤਕ ਦਾ ਨਾਮ / Name of Deceased: | ਗੁਰਪ੍ਰੀਤ ਸਿੰਘ/Gurpreet Singh |
| ਲਿੰਗ / Sex: | ਪੁਰਸ਼/Male |
| ਪਿਤਾ ਦਾ ਨਾਮ / Father's Name: | ਕਰਨੈਲ ਸਿੰਘ/Karnail Singh |
| ਮ੍ਰਿਤਕ ਦੀ ਮਾਤਾ ਦਾ ਨਾਮ /Name of Deceased's Mother: | ਨਾਮਲੂਮ/unknown |
| ਮੌਤ ਦਾ ਸਥਾਨ / Place of Death: | ਜ਼ਿਲਾ ਹਸਪਤਾਲ, ਜਲੰਧਰ |
| ਮੌਤ ਦੀ ਮਿਤੀ / Date of Death: | 25-May-2018 |
| ਰਜਿਸਟ੍ਰੇਸ਼ਨ ਨੰਬਰ/ Registration No.: 037/800168/2018/160452 | ਰਜਿਸਟ੍ਰੇਸ਼ਨ ਦੀ ਮਿਤੀ / Date of Registration: 01-Jun-2018 |

ਮ੍ਰਿਤਕ ਦਾ ਮੌਤ ਸਮੇਂ ਪਤਾ
Address of Deceased at the time of death
ਨੂਰਪੁਰ ਲੁਬਾਣਾ, ਕਪੂਰਥਲਾ/Nurpur Lubana, Kapurthala

ਮ੍ਰਿਤਕ ਦਾ ਪੱਕਾ ਪਤਾ
Permanent Address of the Deceased
ਉਹੀ/same

Date of Issuance :     07-Jun-2018

Signature of the Issuing Authority:
Digitally Signed by:     **Raj Kumar Badhan**

Designation :     **SMO**

Date :     **07-Jun-2018**

Location :     **Jalandhar-1/Jalandhar**

**(Stamp and sign of certificate printing center)**
**Remark -**     ok

CIVIL HOSPITAL
JALANDHAR

NOTARY
SEEMA SETHI
ADVOCATE
KAPURTHALA
Regd. No. 11557

Valid for Foreign Country
NOTARY
KPT.
GOVT. OF INDIA
High Commission Embassy

ਨੋਟ :-ਮੌਤ ਦੇ ਰਜਿਸਟਰ ਵਿਚ ਮੌਤ ਦਾ ਜੋ ਕਾਰਨ ਦਰਜ ਹੈ, ਉਸ ਕਾਰਨ ਨੂੰ ਕਿਸੇ ਕਾਨੂੰਨੀ ਮੰਤਵ ਲਈ ਵਰਤਣ ਤੋਂ ਪਹਿਲਾਂ ਇਹ ਯਕੀਨੀ ਬਣਾ ਲਿਆ ਜਾਵੇ। ਹਰੇਕ ਮੌਤ ਦੇ ਕਾਰਨ ਦੀ ਰਜਿਸਟ੍ਰੇਸ਼ਨ
Note:- The cause of Death registered in Death register, will not be recorded for any of the Death Certificate. Ensure Registration of Every Birth and Death.

**Disclaimer -**     "This is a digitally Signed Certificate and does not require hand written signatures. The responsibility of verification of this document, before accepting the same for any legal purpose, would rest with the Institution or Organization or Company or any other entity where this document is produced."

The Content of this document could be verified using the document serial number at the following web link
http://edistrict.punjab.gov.in/



ਰਾਸ਼ਟਰੀ ਈ ਸ਼ਾਸਨ ਯੋਜਨਾ
National e Governance Plan

VALID OUTSIDE INDIA

Photo-copy of document
Produced     ATTESTED

Notary Kapurthala (Pb) India
1 1 OCT 2018

2587

000036

# EXHIBIT C

## TRANSLATION FROM PUNJABI TO ENGLISH

D.P.H-368
Serial No. 0261796

Form No. 9 (see rule 9/14)

This late record is entered by
the orders of SDM/Distt.
Registrar

## BIRTH CERTIFICATE

Seal: Govt. of Punjab

This is to certify that the following information has been taken from the original
birth record which is registered in record of Local registrar Birth & Death **DHILWAN**,
Tehsil **DHILWAN**, District **KAPURTHALA** of Punjab State.

Name: **NIRVAIR SINGH**

Sex: **MALE** (Male/~~Female~~)

Birth Place: **NURPUR LUBHANA**

Mother's Name: **MANJIT KAUR**

Registration No. **13**

Date of Registration: **02.06.1998**

Date of Birth: **25.03.1971**

Full parental address:

**VILL. NURPUR LUBHANA
PO NURPUR LUBHANA
PS DHILWAN
DISTRICST KAPURTHALA**

Father's Name: **NIRANJAN SINGH**

Son of **DAYA SINGH**

Signature of Certificate
Preparing Authority

Name: **Sd/-**
Designation:

Signature of Certificate
issuing Authority

**Sd/- & Rubber Stamp/-
S.H.O
PS DHILWAN
KAPURTHALA**
Seal_____

**************************************************************************

Note: - Issued u/s 12/17 of the registration of Birth & Death Act, 1969 (Govt. of India)

**VALID OUT SIDE INDIA**

**Translation Copy of Document
ATTESTED**

**NOTARY, KAPURTHALA (PB.) INDIA**

**11 OCT 2018**

000038

# EXHIBIT I

IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA  92154

In the Matter of:                          Case No:  **A215-823-556**

**SINGH, NIRVAIR**

_____            IN: CREDIBLE FEAR REVIEW PROCEEDINGS
            Respondent

### ORDER OF THE IMMIGRATION JUDGE

On Oct 15, 2018 at 1:00 P.M. a review of the DHS Credible Fear Determination
was held in the matter noted above. Testimony [X] was  [ ] was not
taken regarding the background of the Applicant and the Applicant's fear
of returning to his/her country of origin or last habitual residence.

After consideration of the evidence, the Court finds that the Applicant
[ ] has  [X] has not established a significant possibility that he/she
would be persecuted on the basis of his/her race, religion, nationality,
membership in a particular social group, or because of his/her political
opinion.

The Court further finds that the Applicant [ ] has [X] has not
established a significant possibility that he/she would be intentionally
subjected to serious physical or mental harm inflicted by, or at the
instigation of, or with the consent or acquiescence of, a government official
or other person acting in an official capacity.

ORDER:  It is hereby ordered that the decision of the immigration officer is:

[X]  Affirmed, and the case is returned to the DHS for removal of the
     alien.

[ ]  Vacated.

This is a final order.  There is no appeal available.

DONE and ORDERED this 15th day of October, 20 18.

                                    CATHERINE HALLIDAY-ROBERTS
                                    Immigration Judge

_____
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (**P**)
TO:  [**P**] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [**P**] DHS
DATE:  10/15/18 _____  BY:  COURT STAFF   CHR
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____

# EXHIBIT J

IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA  92154

TO:
        SINGH, NIRVAIR
        C/O DHS
        DHS CUATODY
        SAN DIEGO, CA  92154

FILE: A215-823-556

RE:   SINGH, NIRVAIR

NOTICE OF REVIEW OF CREDIBLE FEAR DETERMINATION

PLEASE TAKE NOTE THAT YOUR REQUEST FOR REVIEW OF THE DHS CREDIBLE FEAR
DETERMINATION HAS BEEN SCHEDULED/RESCHEDULED BEFORE THE IMMIGRATION COURT
ON Oct 1, 2018 AT 1:00 P.M. AT THE FOLLOWING ADDRESS:

            7488 CALZADA DE LA FUENTE
            SAN DIEGO, CA  92154

YOU MAY CONSULT WITH A PERSON OR PERSONS OF YOUR CHOOSING PRIOR TO THE REVIEW.
SUCH CONSULTATION IS AT NO EXPENSE TO THE GOVERNMENT AND MAY NOT
UNREASONABLY DELAY THE PROCESS.

IN THE EVENT THAT YOU ARE RELEASED FROM CUSTODY, YOU MUST IMMEDIATELY REPORT
ANY CHANGE IN YOUR ADDRESS AND TELEPHONE NUMBER TO THE IMMIGRATION COURT ON
THE ATTACHED FORM EOIR-33.  IF YOU FAIL TO PROVIDE AN ADDRESS, YOUR SCHEDULED
REVIEW MAY BE HELD IN YOUR ABSENCE.

FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180 OR 240-314-1500.

_____
                        CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)        PERSONAL SERVICE (P)
TO: M ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  M DHS
DATE: 09/26/18      BY: COURT STAFF     RL
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____

U4

000044

IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA  92154


TO:

    SINGH, NIRVAIR
    DHS
    DHS CUATODY
    SAN DIEGO, CA  92154


FILE: A215-823-556

RE:   SINGH, NIRVAIR


NOTICE OF REVIEW OF **CREDIBLE FEAR** DETERMINATION


PLEASE TAKE NOTE THAT YOUR REQUEST FOR REVIEW OF THE DHS CREDIBLE FEAR
DETERMINATION HAS BEEN SCHEDULED/**RESCHEDULED** BEFORE THE IMMIGRATION COURT
ON **Oct 9, 2018** AT **08:00 A.M.** AT THE FOLLOWING ADDRESS:

            7488 CALZADA DE LA FUENTE
            SAN DIEGO, CA  92154

YOU MAY CONSULT WITH A PERSON OR PERSONS OF YOUR CHOOSING PRIOR TO THE REVIEW.
SUCH CONSULTATION IS AT NO EXPENSE TO THE GOVERNMENT AND MAY NOT
UNREASONABLY DELAY THE PROCESS.

IN THE EVENT THAT YOU ARE RELEASED FROM CUSTODY, YOU MUST IMMEDIATELY REPORT
ANY CHANGE IN YOUR ADDRESS AND TELEPHONE NUMBER TO THE IMMIGRATION COURT ON
THE ATTACHED FORM EOIR-33.  IF YOU FAIL TO PROVIDE AN ADDRESS, YOUR SCHEDULED
REVIEW MAY BE HELD IN YOUR ABSENCE.

FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180 OR 240-314-1500.


---

CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)       PERSONAL SERVICE (P)
TO: M ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  M DHS
DATE:  10/02/18    BY: COURT STAFF  M
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

U4

000042

IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA 92154


TO:

SINGH, NIRVAIR
DHS
DHS CUATODY
SAN DIEGO, CA 92154


FILE: A215-823-556

RE: SINGH, NIRVAIR


NOTICE OF REVIEW OF CREDIBLE FEAR DETERMINATION


PLEASE TAKE NOTE THAT YOUR REQUEST FOR REVIEW OF THE DHS CREDIBLE FEAR
DETERMINATION HAS BEEN SCHEDULED/RESCHEDULED BEFORE THE IMMIGRATION COURT
ON Oct 15, 2018 AT 01:00 P.M. AT THE FOLLOWING ADDRESS:

7488 CALZADA DE LA FUENTE
SAN DIEGO, CA 92154

YOU MAY CONSULT WITH A PERSON OR PERSONS OF YOUR CHOOSING PRIOR TO THE REVIEW.
SUCH CONSULTATION IS AT NO EXPENSE TO THE GOVERNMENT AND MAY NOT
UNREASONABLY DELAY THE PROCESS.

IN THE EVENT THAT YOU ARE RELEASED FROM CUSTODY, YOU MUST IMMEDIATELY REPORT
ANY CHANGE IN YOUR ADDRESS AND TELEPHONE NUMBER TO THE IMMIGRATION COURT ON
THE ATTACHED FORM EOIR-33. IF YOU FAIL TO PROVIDE AN ADDRESS, YOUR SCHEDULED
REVIEW MAY BE HELD IN YOUR ABSENCE.

FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180 OR 240-314-1500.

---

CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [P] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [P] DHS
DATE: 10/09/2018   BY: COURT STAFF   RR
       Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

U4


000041

# EXHIBIT K

IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA  92154


SINGH, NIRVAIR
DHS
DHS CUATODY
SAN DIEGO, CA  92154


FILE:  A215-823-556

RE:    SINGH, NIRVAIR


NOTICE OF REVIEW OF CLAIMED STATUS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED BEFORE THE IMMIGRATION COURT ON
**Oct 9, 2018 AT 8:00 A.M.** AT THE FOLLOWING ADDRESS:

                    7488 CALZADA DE LA FUENTE
                    SAN DIEGO, CA  92154


IN THE EVENT THAT YOU ARE RELEASED FROM CUSTODY, YOU MUST **IMMEDIATELY** REPORT
ANY CHANGE IN ADDRESS AND TELEPHONE NUMBER TO THE IMMIGRATION COURT ON THE
ATTACHED FORM EOIR-33.  IF YOU FAIL TO PROVIDE AN ADDRESS, YOUR SCHEDULED
REVIEW MAY BE HELD IN YOUR ABSENCE.

FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL **TOLL FREE**
1-800-898-7180 OR 240-314-1500.


                    CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO:  ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE:  10/02/18    BY:  COURT STAFF
       Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U5

000043

# EXHIBIT L

TORI S. BRYANT, ESQ.                                          **DETAINED**
374 E. H ST, STE. A, PMB 429
CHULA VISTA, CALIFORNIA 91910
Telephone: 619-208-0262

Tori S. Bryant
Arizona State Bar No. 020391
Attorneys for Petitioner

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NIRVAIR SINGH,

Petitioner,

v.

JEFFERSON SESSIONS, III,
Attorney General,

Respondent.

)
)
)
)
)
)
)
)
)
)

Case File No. _____

Immigration File No. A: 215-823-556

**PETITION FOR REVIEW**

The above-named Petitioner hereby petitions for review by this Court of the decision of the

Immigration Judge affirming the Asylum Office's (AO) negative credible fear finding on

October 15, 2018. A copy of the decision is attached.

To date, the Immigration Judge's decision is a final order, not reviewable by the Board of

Immigration Appeals.

Jurisdiction is asserted pursuant to 8 U.S.C. §1105(a) and 1252(a)(1) (removal cases).

Venue is asserted pursuant to 8 U.S.C, § 1252(b)(2) (removal cases) because the Immigration

Judge completed proceedings in (Otay Mesa) San Diego, California, within the jurisdiction of

this judicial circuit.

1

This petition is timely filed pursuant to 8 U.S.C. § 1252(b)(1) as it is filed within 30 days of the final order of removal.

RESPECTFULLY SUBMITTED this 3rd day of November, 2018.

BY: _____

Tori S. Bryant, Attorney at Law
374 E. H Street, Suite A, PMB 429
Chula Vista, CA 91910
619-208-0262 Telephone
619-872-4363 Facsimile

Attorney for Petitioner

2

## Certificate of Service

I certify that on Saturday, November 4th, 2018, I mailed, priority express mail, postage prepaid, a true and complete copy of the foregoing petition to:

ATTORNEY GENERAL
Jefferson Sessions, III
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

OFFICE OF IMMIGRATION LITIGATION
Thomas W. Hussey, Director
U.S. Department of Justice, Civil Division
1331 Pennsylvania Avenue, NW
Washington, DC 20004

Petitioner Jesus Pablo de Pablo
C/O Otay Mesa Detention Center
7488 Calzada de la Fuente
San Diego, CA 92154

ICE
Otay Mesa Detention Center
7488 Calzada de la Fuente
San Diego, CA 92154

Tori S. Bryant, Esq.

IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA 92154

In the Matter of:                           Case No: **A215-823-556**

**SINGH, NIRVAIR**
                                            IN: CREDIBLE FEAR REVIEW PROCEEDINGS
———————————————
            Respondent

ORDER OF THE IMMIGRATION JUDGE

On Oct 15, 2018 at 1:00 P.M. a review of the DHS Credible Fear Determination
was held in the matter noted above. Testimony [ X ] was [ ] was not
taken regarding the background of the Applicant and the Applicant's fear
of returning to his/her country of origin or last habitual residence.

After consideration of the evidence, the Court finds that the Applicant
[ ] has  [ X ] has not established a significant possibility that he/she
would be persecuted on the basis of his/her race, religion, nationality,
membership in a particular social group, or because of his/her political
opinion.

The Court further finds that the Applicant [ ] has [ X ] has not
established a significant possibility that he/she would be intentionally
subjected to serious physical or mental harm inflicted by, or at the
instigation of, or with the consent or acquiescence of, a government official
or other person acting in an official capacity.

ORDER:   It is hereby ordered that the decision of the immigration officer is:

   [ X ]   Affirmed, and the case is returned to the DHS for removal of the
           alien.

   [ ]   Vacated.

   This is a final order.   There is no appeal available.

DONE and ORDERED this _____ day of _____, 20 __ .

                                        _____
                                        CATHERINE HALLIDAY-ROBERTS
                                        Immigration Judge

———————————————————————————————————————————————————————————————
                          CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (**P**)
TO:  [**P**] ALIEN [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [**P**] DHS
DATE: _____         BY:  COURT STAFF  _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
———————————————————————————————————————————————————————————————

# EXHIBIT M

**TORI S. BRYANT, ESQ.**                                    **DETAINED**
374 E. H ST, STE. A, PMB 429
CHULA VISTA, CALIFORNIA 91910
Telephone: 619-208-0262

Tori S. Bryant
Arizona State Bar No. 020391
Attorneys for Petitioner


## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NIRVAIR SINGH,

Petitioner,

                    Case File No. _____

v.

                    Immigration File No. A: 215-823-556

JEFFERSON SESSIONS, III,
Attorney General,

                    **MOTION FOR ACKNOWLEDGMENT**
Respondent.             **OF STAY OR IN THE ALTERNATIVE**
                    **FOR A DISCRETIONARY STAYOF**
                    **REMOVAL**


    The above-named Petitioner hereby moves this court to issue an order that a stay of removal
is in effect pursuant to §106(a)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. §1105
(a)(3); or, alternatively, pursuant to Rule 18 FRP, that this court issue a stay of removal pending
judicial review of a final order of deportation by the Board of Immigration Appeals.

    The order is necessary for the following reasons:

1) Petitioner filed in this court a petition for review of an order of removal entered by the
    San Diego Immigration Court in Otay Mesa, California.

2) INA § 106(a)(3), 8 U.S.C. §1105(a)(3), provides that removal shall automatically be stayed upon filing a petition of review in the Circuit Court of Appeals.

3) Petitioner believes that both the AO and Immigration Judge are mistaken as a matter of law, and that an automatic stay of deportation is in effect as to petitioner. Alternatively, Petitioner is requesting an affirmative stay before this Court, during the pendency of this appeal.

4) Petitioner contends that to deny an automatic stay of deportation is an unconstitutional violation of the right to due process under the Fifth Amendment of the U.S. Constitution.

5) Petitioner submits that, at a minimum, this court would need the administrative record of proceeding to review the factual and legal issues before a stay could be denied.

6) Petitioner contends that he has a substantial liberty interest at stake, his right to live with his family in this country. Landon v. Plasencia, 459 U.S. 21 (1982). Mr. Singh has recently arrived in this country fearing for his life if he remained in India. A denial of a stay would render his petition for review in this court MOOT.

7) Petitioners appeal will raise substantial and novel issues of law as to whether the AO and Immigration Judge applied the law correctly to this case.

WHEREFORE, Petitioner requests that:

1. This petitioner for judicial review be granted;

2. Respondent be directed to enter an order terminating the deportation proceedings against the petitioner;

3. This Court issue an order of a stay of deportation pending judicial review of a final order of deportation by the Immigration Court;

4. This Court grant reasonable attorney's fees;

5. This Court grant such other and further relief as may be appropriate.

2

RESPECTFULLY SUBMITTED this 3rd day of November, 2018.

BY: _____

Tori S. Bryant, Attorney at Law
374 E. H Street, Suite A, PMB 429
Chula Vista, CA 91910
619-208-0262 Telephone
619-872-4363 Facsimile

Attorney for Petitioner

3

**Certificate of Service**

I certify that on Saturday, November 4th, 2018, I mailed, priority express mail, postage prepaid, a true and complete copy of the foregoing petition to:

ATTORNEY GENERAL
Jefferson Sessions, III
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

OFFICE OF IMMIGRATION LITIGATION
Thomas W. Hussey, Director
U.S. Department of Justice, Civil Division
1331 Pennsylvania Avenue, NW
Washington, DC 20004

Petitioner Jesus Pablo de Pablo
C/O Otay Mesa Detention Center
7488 Calzada de la Fuente
San Diego, CA 92154

ICE
Otay Mesa Detention Center
7488 Calzada de la Fuente
San Diego, CA 92154

Tori S. Bryant, Esq.

4

# EXHIBIT N

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIRVAIR SINGH,

　　　　　Petitioner,

　v.

MATTHEW G. WHITAKER, Acting
Attorney General,

　　　　　Respondent.

No. 18-73017

Agency No. A215-823-556
Board of Immigration Appeals

**ORDER**

　　　A review of this court's docket reflects that the filing and docketing fees for this petition remain due. Within 21 days after the date of this order, petitioner shall pay to this court the $500.00 filing and docketing fees for this petition or file in this court a motion to proceed in forma pauperis.

　　　The filing of a motion to proceed in forma pauperis will automatically stay the briefing schedule under Ninth Circuit Rule 27-11.

The Clerk shall serve a Form 4 financial affidavit on petitioner.

If petitioner fails to comply with this order, this petition will be dismissed automatically by the Clerk for failure to prosecute. *See* 9th Cir. R. 42-1.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Tina S. Price
Deputy Clerk
Ninth Circuit Rule 27-7

# EXHIBIT O

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIRVAIR SINGH,

  Petitioner,

v.

WILLIAM P. BARR, Attorney General,

  Respondent.

No.    18-73017

Agency No. A215-823-556

ORDER

On February 19, 2019, the court dismissed this petition for review for failure
to prosecute because petitioner had not paid the filing fee or filed a motion to
proceed in forma pauperis. *See* 9th Cir. R. 42-1. Petitioner has now filed a motion
to proceed in forma pauperis.

The motion to reinstate this petition is granted (Docket Entry No. 12). The
February 19, 2019 order is vacated, and the petition for review and temporary stay
of removal are reinstated.

KAM/MOATT

The certified administrative records have been filed.  Any pending motions will be addressed by separate order.  Briefing remains suspended pending further court order.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT


By: Katherine Milton
Deputy Clerk
Ninth Circuit Rule 27-7

# EXHIBIT P

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIRVAIR SINGH, | No.   18-73017 |
| Petitioner, | Agency No. A215-823-556 |
| v. | |
| WILLIAM P. BARR, Attorney General, | ORDER |
| Respondent. | |

Before:  CLIFTON, N.R. SMITH, and FRIEDLAND, Circuit Judges.

We generally lack jurisdiction to review direct challenges to credible fear determinations in expedited removal proceedings. *See* 8 U.S.C. §1252(a)(2)(A); *Pena v. Lynch*, 815 F.3d 452 (9th Cir. 2016).  The petition for review does not raise a colorable constitutional claim. *See Pena*, 815 F.3d at 456.  The government's motion to dismiss this petition for lack of jurisdiction (Docket Entry No. 9) is granted.

We do not address whether petitioner can bring a habeas petition pursuant to 8 U.S.C. § 1252(e)(2). *See Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019).

All other pending motions are denied as moot.  The temporary stay of removal will terminate upon issuance of the mandate.

**DISMISSED**.

KAM/MOATT